UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Primerica Life Insurance Company, | ) | C/A No. 3:26-cv-6002-MGL |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | **COMPLAINT FOR** |
| Versus | ) | **DECLARATORY JUDGMENT** |
| | ) | **(*Non-Jury*)** |
| Charissa Robinson, | ) | **(*Declaratory Judgment*)** |
| | ) | |
| *Defendant.* | ) | |

The Plaintiff, Primerica Life Insurance Company (hereinafter the "Plaintiff" and/or "Primerica"), complaining of the Defendant Charissa Robinson, (hereinafter the "Defendant"), alleges as follows:

1. Primerica is a corporation organized and existing under the laws of Tennessee with its principal place of business in Georgia. Primerica is authorized to do business and does business in South Carolina.

2. Upon information and belief, Defendant Charissa Robinson is a resident and citizen of Sumter County, South Carolina.

3. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS

5. On November 20, 2024, Primerica issued to Dayquan Robinson (hereinafter, the "Decedent") the subject term life insurance policy, number 0442889758 (the "Policy"), which

provided, $200,000 in coverage. A copy of the Policy, including Application is attached, marked as Exhibit 1, and incorporated into this Complaint by reference.

6. At all material times, Decedent was the Owner of the coverage under the Policy, and the Defendant was the Primary Beneficiary.

7. The Policy was made and delivered in Sumter County, South Carolina.

8. The Policy was based on and was issued in reliance upon information completed by the Decedent contained in the Application for Individual Term Life Insurance (hereinafter the "Application") dated October 11, 2024. The Application is included within Exhibit 1, and incorporated into this Complaint by reference.

9. As a part of the Application, Decedent was required to answer a series of questions about his criminal history, medical history, and usage of nicotine products.

10. Primerica relied on those answers in deciding whether or not to insure the Decedent under the Policy, as requested in the Application.

11. Decedent died on June 7, 2025, at which time the coverage on his life under the Policy was $200,000 (the "Benefit"). A copy of Decedent's death certificate is attached, marked as Exhibit 2, and incorporated into this Complaint by reference.

12. On or about June 16, 2025, Primerica received a Claimant's Statement from the Defendant by which she sought to be paid under the Policy. A copy of Defendant's Claimant's Statement is attached, marked as Exhibit 3, and incorporated into this Complaint by reference.

13. Because Decedent's death occurred within two years of the issuance of the Policy, Primerica conducted a routine and customary contestable claim investigation.

14. As a part of its contestable claim investigation, Primerica obtained and reviewed the Decedent's medical and criminal records.

15. In connection with Primerica's contestable claim investigation, Primerica learned from the Decedent's medical records that he had a history of daily nicotine usage, hypertension, and recommendation to undergo a neurologic consult that pre-dated the Application.

16. Further, Primerica learned from the Decedent's criminal records that he had a felony charge which pre-dated the Application.

17. By letter dated December 30, 2025, Primerica denied Defendant's claim. A copy of the denial letter is attached, marked as Exhibit 4, and incorporated into this Complaint by reference.

18. The basis for Primerica's denial were various false representations made by Decedent on the Application including, but not limited to, the failure to disclose the Decedent's history of daily nicotine usage, hypertension, recommendation for a neurologic consult, and felony charges.

19. On the Application, Decedent represented that all statements and answers provided were full, complete and true to the best of his knowledge and belief.

20. The answers Decedent provided were, in fact, neither true nor complete.

21. With regard to the representations made by Decedent on the Application:

a) Decedent represented in the Application that he did not

   a. use nicotine products;

   b. have any felony charges or convictions;

   c. have any pre-existing conditions; or

   d. recommendations for medical testing

b) Decedent's representations were material to the risk insured;

c) Primerica investigated the claim and determined those representations to be false;

d) Had Primerica been aware of the material misrepresentations made by Decedent, Decedent would not have qualified for coverage and Primerica would have declined coverage on her life under the Policy.

**FOR A FIRST CAUSE OF ACTION**
**(Constructive Fraud)**

22. Each of the foregoing paragraphs is re-alleged as if fully repeated verbatim herein.

23. With regard to the answers given by the Decedent on the Application

i. The decedent made representations about his criminal and medical history when he completed the Application;

ii. The representations made by the decedent were false;

iii. The representations were material to the risk insured;

iv. Decedent knew the representations were false or acted with reckless disregard of its falsity;

v. Primerica was ignorant of its falsity;

vi. Primerica did in fact rely on the representations;

vii. Primerica had a right to rely on the representation by virtue of the Application and by virtue of § 38-63-220(d) of the South Carolina Code of Laws;

viii. Primerica suffered both consequent and proximate injury do to Decedent's representations on the Application. Had the history criminal, medical, and tobacco use been disclosed, Primerica would have declined coverage on the life of the Decedent.

24. Primerica is entitled to a rescission of the Policy as to the Decedent, because the above-referenced misrepresentations, even if unintentional, constitute an equitable fraud against Primerica and are grounds for rescission of the coverage on the life of the Decedent under the Policy pursuant to controlling South Carolina law.

**FOR A SECOND CAUSE OF ACTION**
**(Declaratory Judgment)**

25. Each of the foregoing paragraphs is re-alleged as if fully repeated verbatim herein.

26. Pursuant to the fraudulent and/or material misrepresentation made in the Application, Primerica is entitled to a declaration from this Court that the Reinstated Policy is rescinded pursuant to § 38-63-230(A)(2) of the South Carolina Code of Laws.

25. Pursuant to § 15-53-10, et seq., of the South Carolina Code of Laws, Primerica is entitled to a declaration from this Court that it has no obligation to the Defendant or to any other person under the Policy arising from Decedent's death.

WHEREFORE, the Plaintiff, Primerica Life Insurance Company, prays that this Court rescind the Policy and declare that the Plaintiff has no obligation to the Defendant or to any other person under the Policy.

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC 29402
Phone: (843) 577-4435
Facsimile: (843) 722-1630

*s/ James B. Hood*
James B. Hood (9130)
james.hood@hoodlaw.com
Hannah F. Marchant (14373)
hannah.marchant@hoodlaw.com

***Attorneys for Plaintiff***
***Primerica Life Insurance Company***

November 20, 2026
Charleston, South Carolina